UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 0:13-CV-173-EBA

RONALD EUGENE HOWARD, JR.,                                              PLAINTIFF,

V.                          **MEMORANDUM OPINION
                                AND ORDER**

CAROLYN W. COLVIN,
Commissioner of Social Security Administration,                         DEFENDANT.

## I.  INTRODUCTION

Plaintiff, Ronald Eugene Howard, Jr., brings this action under 42 U.S.C. § 405(g) to challenge the Defendant Commissioner's final decision denying his application for Supplemental Security Income (SSI) and Disability Insurance Benefits. [Record No. 13]. This matter has been referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c). [Record No. 15]. Now ripe for decision on the parties' cross-motions for summary judgment, and for the reasons set forth herein, the Plaintiff's Motion for Summary Judgment [Record No. 13] shall be denied, the Defendant's Motion for Summary Judgment [Record No. 14] shall be granted, and Judgment shall be entered affirming the final decision of the Commissioner.

## II.  FACTUAL BACKGROUND & PROCEDURAL HISTORY

On November 04, 2010, the Plaintiff filed an application for supplemental security income and disability insurance benefits. [Tr. 181-194]. In this application, the Plaintiff alleged disability since March 10, 2010. Id. In his Disability Report, Form SSA-3368, the Plaintiff claimed his work

1

ability was limited due to bronchiolits [sic.] obliterans organizing pneumonia, interstitial lung disease and depression. [Tr. 228-230]. His claim was denied initially [Tr. 61-82], and on reconsideration [Tr. 87-112]. After denial of his claim, Plaintiff requested a hearing in front of an Administrative Law Judge ("ALJ"). [Tr. 127-128].

On September 24, 2012, a hearing was held before Administrative Law Judge Charlie Paul Andrus. [Tr. 29-50]. The Plaintiff testified at the hearing, and was represented by Lucinda Jean Cornett. [Tr. 29-50]. The ALJ also heard testimony from vocational expert Gina Baldwin. [Tr. 45-49]. ALJ Andrus denied Plaintiff's claim for benefits in a written decision dated October 03, 2012. [Tr. 11-28]. In evaluating Plaintiff's claim, the ALJ applied the five-step sequential evaluation process to determine that he was not disabled. *See* 20 C.F.R. §§ 404.1520; 416.920. At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of his application for benefits. [Tr. 16]. Next, the ALJ found that the Plaintiff has the following severe impairments: chronic obstructive pulmonary disease, depression, and anxiety disorder. [Tr. 16]. At step three, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [Tr. 16-7].

Before proceeding to the fourth step, the ALJ found that Plaintiff's impairments left him with the residual functional capacity ("RFC") to perform the full range of medium work as defined by the Regulations. [Tr. 17-22]. Specifically, with respect to his physical limitations, the ALJ described Plaintiff's residual functional capacity as follows:

> Claimant has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except can never climb ladders, ropes or scaffolds; cannot work in temperature or humidity extremes; must avoid heights and open dangerous machinery; must avoid excessive dust and fumes;

2

> limited to simple and routine work, but can concentrate in an object-focused setting; can relate to supervisors and coworkers, but cannot have any public contact; and can handle routine changes.

[Tr. 22].

The fourth step of the analysis is to determine whether the Plaintiff's residual functional capacity would allow him to perform the requirements of his past relevant work. The ALJ determined that the Plaintiff was unable to perform any past relevant work, *See* 20 C.F.R. §§ 404.1565, 416.965. [Tr. 21]. At the fifth and final step, relying on the testimony of the Vocational Expert ("VE") and taking into consideration Plaintiff's age, educational background, past relevant work experience, and residual functional capacity, the ALJ must determine whether the Plaintiff is capable of making a successful adjustment to work existing in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.159(a); 416.969(a). Based on the testimony of the Vocational Expert, the ALJ held that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy . . . ." [Tr. 24]. Based on these findings, the ALJ determined that the Plaintiff was not under a "disability" as defined by the Social Security Act, *See* 20 C.F.R. §§ 404.1520(g) and 416.920(g). [Tr. 24].

Following the adverse decision of the ALJ, the Plaintiff properly exhausted his administrative remedies by appealing to the Social Security Appeals Council. [Tr. 7-10]. On appeal, the Appeals Council affirmed the ALJ's decision. [Tr. 1-6]. On December 08, 2013, Plaintiff initiated the present action by filing his Complaint in the United States District Court for the Eastern District of Kentucky. [Record No. 2]. In his Motion for Summary Judgment, the Plaintiff argues for the reversal of the ALJ's decision based on the Commissioner's failure to support his findings with

substantial evidence as required by 42 U.S.C. § 405(g). [Record No. 19-1]. The Commissioner responds that the ALJ's decision should be affirmed, as it was reached applying the proper standards and was supported by substantial evidence. [Record No. 14]. Following briefing, this matter, with the parties' consent, was referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c). [Record No. 15].

### III . STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a reviewing court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." Longworth v. Comm'r Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005) (citations omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993) (citations omitted). The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004) (citations omitted). The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ. Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth, 402 F.3d at 595 (citations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted). "The substantial

evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the courts." Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir.1994) (citations omitted).

## IV. ANALYSIS

The Plaintiff presents three arguments on appeal:

1. The ALJ erred by failing to consider all the Plaintiff's impairments;

2. The ALJ erred by relying on an evaluation by a doctor who did not perform any testing on the claimant; and

3. The ALJ erred by relying on two non-examiners.

[R. 13-1 at 2-3]. For the reasons discussed below, each of these arguments is without merit, and the decision of the ALJ will therefore be affirmed.

### 1. The ALJ failed to consider all the Plaintiff's impairments.

In his instant Motion for Summary Judgment, Howard argues that the ALJ erred by failing to consider all of his ailments including shoulder, back, and ankle pain as well as migraine headaches as severe impairments. [Record No. 13-1]. According to Plaintiff, "based upon the medical evidence of record which reveals limited range of motion, and the testimony of Mr. Howard, the ALJ should have considered these impairments as severe because do [sic] place limitations on the claimant's activities." [Id. at 9-10]. In opposition, the Commissioner correctly maintains that substantial evidence supports the ALJ's decision that the Plaintiff is not entitled to disability benefits.

Agency regulations stipulate that the ALJ is to consider all of the claimant's symptoms, including pain, but only to the extent those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529(a). The ALJ is not

5

required to accept a claimant's testimony regarding limitations and pain when such testimony is not supported by the record. See Gooch v. Sec'y of Health & Human Svcs., 833 F.2d 589, 592 (6th Cir. 1987). If the ALJ does reject a claimant's testimony as incredible, "he must clearly state his reasons for doing so." Felisky v. Bowen, 35 F.3d 1027, 1036 (6th Cir. 1994). The ALJ's credibility determination must be accompanied by a statement explaining the ALJ's reasons. Social Security Ruling 96-7p directs the ALJ to state "specific reasons for the finding on credibility, supported by the evidence in the case record, [which] must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statement and the reasons for that weight." SSR 96-7p, "Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements" 1996 WL 374186 at *4 (July 2, 1996).

The ALJ did in fact consider all of the Plaintiff's symptoms including back and neck pain as well as migraine headaches, he just did not find they constitute severe impairments. As required, the ALJ made a finding specific to each one of these issues in his decision.

In regards to back pain the ALJ stated: "The claimant testified that he has low back pain that radiates down his knees. He has trouble sitting and standing. He takes Advil or Motrin for his back, which helps ease the pain. The claimant's treating physician prescribes him Ibuprofen for his back (Exhibit B16F). The undersigned finds the claimant's back impairment does not constitute a severe impairment because it is controlled with medication and there is no evidence that it causes him significant work related limitations at this time." [Tr. 17].

In regards to the migraine headaches the ALJ stated: "The claimant testified that he has migraine headaches. He has about one to three headaches a month. The claimant's physician

prescribes Maxalt for his migraine headaches (Exhibit 16F). Neurological examinations have been normal (Exhibit B16F). A CT scan of the head was also normal (Exhibit B6F). The undersigned finds no evidence that the claimant's headaches cause him significant work related limitations at this time (Exhibit B16 F)." [Id.].

In regards to the shoulder pain the ALJ stated: "The claimant testified that he has trouble with his shoulder 'going out' on him. He indicated that he has numbness in his hands. The medical records show the claimant's physician prescribed him Medrol Dosepak for his joint pain (Exhibit B16F). The undersigned finds no evidence that the claimant's shoulder pain causes him work related limitations at this time." [Id.].

The ALJ's decision not to consider these impairments severe was supported by substantial evidence. The ALJ determined the Plaintiff not to be fully credible in his testimony. In his decision he stated, "The undersigned finds the claimant not to be fully credible. He testified that he quit smoking eight months prior to the hearing; however, he told his physician on September 7, 2012 (only two months prior to the hearing), that he is trying to cut back on smoking (Exhibit B16F). He testified that his COPD is debilitating and prevents him from walking 20 feet; however, he continued to smoke. He testified that his depression and anxiety are disabling; however, he has never received any formal psychological treatment." [Tr. 25].

All of this conflicting testimony was sufficient for the ALJ to make a finding that the Plaintiff was not fully credible. As previously stated, the ALJ is not required to accept a claimant's testimony regarding limitations and pain when such testimony is not supported by the record. Gooch 833 F.2d 589 at 592. Here the Plaintiff's testimony regarding limitations and pain was not supported by the record. Accordingly, the ALJ's decision was based on substantial evidence and

therefore the Plaintiff's claim is without merit.

## 2. The ALJ erred by relying on an evaluation by a doctor who did not perform any testing on the claimant.

The Plaintiff argues that ALJ relied too heavily on an evaluation by Dr. Megan Green and failed to give proper weight to the opinion of Dr. Leigh Ann Ford. Again, the record indicates the ALJ gave proper weight to Dr. Green's evaluation and was supported by substantial evidence.

An explanation of the "treating physician rule" is key to understanding this claim made by the Plaintiff. Under the treating physician rule, an ALJ will give a treating source's opinion greater weight "if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." 20 C.F.R. § 404.1527(c)(2); 20 C.F.R. § 416.927. Even so, "[i]t is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." SSR 96-2p, "Policy Interpretation Ruling Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions," 1996 WL 374188 at *2, 1996 SSR LEXIS 9 at *5 (SSR 1996). The Sixth Circuit "has consistently stated that the Secretary is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence." Bogle v. Sullivan, 998 F.2d 342, 347-48 (6th Cir. 1993). In cases such as this where the ALJ declines to give a treating source's opinion controlling weight, he must balance the following factors to determine what weight to give it: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the

8

opinion with the record as a whole, and specialization of the treating source." Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d) [now 20C.F.R. § 1527(c)(2)(i)-(ii), (3)-(6)] *see also* 20 C.F.R. § 927(c)(2)(i)-(ii), (3)-(6)).

In addition, the ALJ has a duty to provide good reasons in the decision for the weight given to a treating source's opinion. 20 C.F.R. § 404.1527(c)(2). "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Cole, 661 F.3d at 938 (quoting SSR 96-2p, 1996 SSR LEXIS 9 at *11-12, 1996 WL 374188 at *5). In fact, a court "will reverse and remand a denial of benefits, even though substantial evidence otherwise supports the decision of the Commissioner, when the ALJ fails to give good reasons for discounting the opinion of the claimant's treating physician." Friend v. Comm'r of Soc. Sec., 374 F. App'x 543, 551 (6th Cir. 2010) (quoting Wilson, 378 F.3d at 543-46 (internal quotation marks omitted)). The purposes of this requirement are: (1) to provide a claimant with an explanation for why she is deemed not disabled, when her physicians may have told her otherwise; (2) to ensure that the ALJ applies the treating physician rule; and (3) to permit meaningful appellate review of the ALJ's application of the rule. Jachim v. Comm'r of Soc. Sec., Case No. 1:12-CV-322, 2014 U.S. Dist. LEXIS 4464, at *3-4 (W.D. Mich. Jan. 14, 2014).

Significantly, however, an ALJ is not required to explicitly discuss each factor involved in deciding whether to give the treating physician's opinion controlling weight. Id. (citing Francis v. Comm'r of Soc. Sec., 414 Fed. App'x 802, 804 (6th Cir. 2011) ("Although the regulations instruct an ALJ to consider these factors, they expressly require only that the ALJ's decision include 'good reasons ... for the weight ... give[n] [to the] treating source's opinion'—not an exhaustive

9

factor-by-factor analysis"); Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007) ([Plaintiff] cites no law, and we have found none, requiring an ALJ's decision to apply expressly each of the six relevant factors in deciding what weight to give a medical opinion.")). There are circumstances when an ALJ's failure to articulate good reasons for the weight accorded to medical opinions may constitute harmless error: (1) if a treating source opinion is so patently deficient that the ALJ could not possibly credit it; (2) if the ALJ adopts the opinion or makes findings consistent with the opinion; and/or (3) if the ALJ has complied with the goal of 20 C.F.R. §1527(d) [now § 1527(c)(2)], by analyzing the physician's contradictory opinions or by analyzing other opinions of record. Friend, 374 Fed. App's. at 551; *See, e.g.*, Nelson v. Commissioner, 195 Fed. App's. 462, 470-72 (6th Cir. 2006); Hall v. Commissioner, 148 Fed. App's. 456, 464 (6th Cir. 2006).

In this case, consultative psychologist Megan Green, Psy.D, examined Plaintiff on February 1, 2011. [Tr. 377-80]. Plaintiff told Dr. Green that he experienced feelings of sadness for part of the day approximately three days per week, sleep disturbance, mild and intermittent irritability, and racing thoughts. [Tr. 379]. He reported that he experienced some worry, but not as much since his doctor adjusted his medicine. [Tr. 379]. He also reported that he was able to dismiss worries effectively most of the time. [Tr. 379]. Dr. Green summarized that Plaintiff "reported moderate symptoms of anxiety and depression. He reported no history of occupational impairment associated with mental health concerns. He would likely be capable of understanding, remembering, and carrying out instructions. He would likely be capable of sustaining adequate concentration and of responding appropriately to supervision. He would likely be capable of sustaining persistence and pace of adapting to change from a mental health perspective." [Tr. 380].

In assessing Plaintiff's RFC, the ALJ gave greater weight to Dr. Green's findings because

they were consistent with the record as a whole [Tr. 22], which, as discussed above, contained few clinical findings, little evidence of limiting effects, and no indication of anything but conservative treatment. Plaintiff argues that Dr. Green's findings were inconsistent because she found the Plaintiff "to have a [Global Assessment of Functioning] GAF score of 65, but assessed he had moderate symptoms of anxiety and depression, which is inconsistent with the GAF score assessed." [R. 13 at 11]. Plaintiff's assertion about an inconsistent GAF score is incorrect. A GAF score merely reflects an examiner's subjective opinion regarding a person's symptoms or possible difficulty in social, occupational, or school functioning at the time of the examination. Oliver v. Comm'r of Soc. Sec., 415 F.Appx. 681, 684 (6th Cir. 2011). Thus, a GAF score may be simply an examiner's impression of the person's alleged symptoms, with no bearing on the person's functioning. Kornecky v. Comm'r of Soc. Sec., 167 F.Appx. 496, 511 (6th Cir. 2006). Furthermore, the Commissioner has stated the GAF scale "[has] no direct correlation to the severity requirements of the mental disorders listing." DeBoard v. Comm'r of Soc. Sec., 211 F.Appx. 411, 415 (6th Cir. 2006). Thus, Dr. Green's finding of a GAF score of 65 is acceptable.

Based on this analysis, the Plaintiff's assertion that the ALJ gave too much weight to the findings of Dr. Green is incorrect. Dr. Green's findings were supported by evidence found in the record and the fact that she gave the Plaintiff a GAF score of 65 when she found that he had moderate symptoms of anxiety and depression is not a definitive reason to discredit her.

Plaintiff also argues that the ALJ did not give enough weight to the opinion of Leigh Ann Ford, Ph.D. In his decision, the ALJ stated that he gave little weight to Dr. Ford's assessment because it is inconsistent with her own treatment notes and with the examination by Dr. Green. Dr. Ford's assessment stated very low intelligence but noted Plaintiff's high level of adaptive

11

functioning. [Tr. 387]. Dr. Ford also relied on panic attacks in making her assessment of the Plaintiff's mental capacity, of which there is very little evidence in the record to support. [Tr. 388]. Based on these findings the ALJ's decision to give little weight to the opinion of Dr. Ford was validated by substantial evidence.

### 3. The ALJ erred by relying on two non-examiners

The Plaintiff's final claim is that the ALJ erred by relying on two non-examiners whose reports were not based on the complete record, and who did not have the opportunity to review the Residual Functional Capacity assessment completed by Dr. Brandi Collins, Plaintiff's treating physician. Plaintiff specifically argues that the ALJ gave too much weight to Exhibits B3A and B9A. Exhibit B3A is a Disability Determination Explanation completed by Dr. P. Saranga on January 31, 2011, and Exhibit 9A is a Disability Determination Explanation completed by Dr. Diosdado Irlandez on April 6, 2011. [Tr. 80, 111]. In each of these reports the Doctor made a finding that the Plaintiff was not disabled. [Tr. 82, 111].

In his determination the ALJ found that these Doctors "opined that the claimant can perform medium work; never climb ladders, ropes, or scaffolds; must avoid all exposure to extreme heat, cold, wetness, humidity, and hazards; must avoid concentrated exposures to fumes, odors, dusts, gases, and pulmonary irritants (Exhibits B3A, B9A)." [Tr. 21]. The ALJ gave great weight to this assessment because it is consistent with the overall evidence on the record. Again, the ALJ's determination to give these assessments great weight and little to the treating physician, Dr. Brandi Collins, is supported by substantial evidence. The ALJ noted that Dr. Collins' opinion is not supported by the findings in the treatment notes. "Dr. Collins residual functional capacity assessment is based upon the claimant having nine asthma attacks weekly; however, the treatment

12

notes do not reflect the claimant having frequent asthma attacks. Dr. Collins assessment is based upon the claimant's subjective complaints. If the functional capacity were accurate, the claimant would be bed-ridden twenty hours a day. This is not even supported by his own testimony." [Tr. 21]. Furthermore, the ALJ gave little weight to Dr. Collins' mental assessment because the claimant's psychological residual functional capacity is beyond her expertise as a family practitioner. [Tr. 21]. As previously stated, the ALJ determined the Plaintiff not to be fully credible in his testimony. In his decision he stated, "The undersigned finds the claimant not to be fully credible. He testified that he quit smoking eight months prior to the hearing; however, he told his physician on September 7, 2012 (only two months prior to the hearing), that he is trying to cut back on smoking (Exhibit B16F). He testified that his COPD is debilitating and prevents him from walking 20 feet; however, he continued to smoke. He testified that his depression are disabling; however, he has never received any formal psychological treatment." [Tr. 25]. Based on all of this, the ALJ's decision to give great weight to the non-examining physicians findings was supported by substantial evidence and therefore the Plaintiff's claim is without merit.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that the Plaintiff's Motion for Summary Judgment [Record No. 13] be DENIED, the Defendant Commissioner's Motion for Summary Judgment [Record No. 14] be GRANTED, and that Judgment be entered affirming the final decision of the Commissioner.

Signed July 2, 2014.



Signed By:
Edward B. Atkins   EBA
United States Magistrate Judge